I concur with the result reached by the majority. Applying a strict interpretation of the pleadings justifies such a result. I write specially, however, to express my concern for the possibility of an incorrect interpretation of the majority opinion.
The Alabama Legal Services Liability Act ("ALSLA") is very broad. It creates one form of action against any "legal service provider" and exclusively governs any and all actions brought against a legal service provider for damages. The ALSLA embraces all claims, based on either contract or tort, and supersedes any inconsistent provisions of the law.
Clearly, if the relationship of attorney/client was ever established between the defendant Hooper and the plaintiff Mississippi Valley Title Insurance Company, then this action is time-barred. The record does not include a copy of an employment contract between the parties, if such a document existed; therefore, the only way the plaintiff could prevail would be to allege and factually prove that at no time did the relationship of attorney/client exist. If such a relationship did in fact exist, then all claims, whether related to Hooper's providing legal services or to his providing services of a nonlegal nature, would be embraced by the provisions of the ALSLA and could not be separated. The plaintiff's argument that some of the services performed by the defendant were services of a nonlegal nature that could be performed by a layperson must be rejected.
Often an attorney is hired to perform services that a layperson could provide but for which the party wishes the skill and experience of an attorney. The test is whether the relationship of attorney/client developed. Clearly, once the attorney/client relationship exists, almost anything the attorney does can be brought within the purview of the ALSLA. I reject the plaintiff's attempt to divide the services performed by the defendant into "legal" and "nonlegal" categories.
My point in writing is to observe that the plaintiff's attorney may have been confused by the instructions of the trial court. I can conclude from the record that the plaintiff's attorney felt that he had cured any problems when he dismissed all claims that had been brought under the ALSLA. By doing so, was he saying that an attorney/client relationship did not exist, knowing that if such a relationship did in fact exist the action would be time-barred? Was it not his intention thereby to dismiss all allegations that the defendant was employed to perform legal services? Did he not fall into the pleading trap of adopting too much of the original complaint in the first amendment?
Mississippi Valley's lawsuit was dismissed on the pleadings, after Mississippi Valley had been allowed only one amendment. This is not an appeal from a summary judgment. I do not question the authority of the trial judge to cut off further pleadings, and I certainly do not know what dialogue took place between the plaintiff's attorney and the court during the hearings conducted in this case.
I would be more comfortable with the final judgment of dismissal on the pleadings if the plaintiff had been allowed one further amendment. I do not wish the majority's opinion to be interpreted as an endorsement of the early cut-off of further pleadings by way of amendments.